JOSEPH S. MOUNT, administrator, appellant,

*v.*

GEORGE VAN NESS, respondent.

An administrator converted dividend-paying bank stock of the estate into money, and with it paid off a mortgage on lands in which he had an interest as heir of the intestate. On exceptions to his account, credit for that payment was disallowed.—*Held,* that he was chargeable with interest at the legal rate on that amount from the date of the payment, including the time during which litigation on the exceptions continued.

On appeal from decree of Mercer orphans court.

*Mr. A. G. Richey* and *Mr. G. D. W. Vroom,* for appellant.

*Mr. James Wilson,* for respondent.

·THE ORDINARY.

The appellant, who is the administrator of the estate of William B. Mount, deceased, on the 7th of February, 1878, paid off, out of the personal estate in his hands, a mortgage upon real estate of the deceased. The amount paid was $4,101.11. The mortgage debt was not chargeable on or payable out of the personal estate. *Mount* v. *Van Ness, 6 Stew. Eq. 262.* The heirs, therefore, took the land subject to the encumbrance. The orphans court, on the settlement of his account, charged the administrator with interest on the money so paid by him, from the time of payment. He insists that he is not chargeable with interest thereon, or, if chargeable at all, is not chargeable with it for the period during which the litigation on the exceptions to the credit claimed by him in his account for the payment continued. The money paid was derived from the sales by him of valuable productive bank stock belonging to the estate. But he urges that it was his duty to convert that stock into cash, and he

Mount *v.* Van Ness.

insists that, having so converted it, he would have been at liberty to hold the money without investment until the settlement of his account, and that, if he had done so, he would not have been chargeable with interest; and that, though he paid it away wrongfully, he did so honestly and under a mistake of law, and therefore ought not to be charged with interest merely because of that payment; and he insists that, especially, he ought not to be charged for the period of the litigation, inasmuch as that time was occupied in judicially establishing his liability to answer out of his own estate for the money paid. It appears that he is one of the heirs of the intestate, and as such was one of the owners of the property from which the mortgage was removed. He applied the money to his own use, therefore. He is, under the circumstances, entitled to contribution from his co-tenants in common for the money he so expended to relieve their common property from the mortgage. And if he were not, it would make no difference, for he used the money to pay off an encumbrance on property in which he was interested. The litigation on the exceptions became necessary only because he claimed that the debt which he thus paid was chargeable on the personal estate, and persisted in the illegal claim. The effect of his mistaken application of the money was to relieve his property from an interest-bearing debt to the same extent to which he, by the decree of the orphans court, is required to answer for it. The familiar principle that a trustee who uses the trust money in his own business is bound to pay interest, governs the case.

The decree will be affirmed, with costs.